**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Salman and Suzanne Salman, ) | No. CV 11-0646-PHX-FJM |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| City of Phoenix, et al., ) | |
| Defendants. ) | |

We have before us defendants' motion to dismiss (doc. 13), plaintiffs' response (doc. 18), and defendants' reply (doc. 19). Defendants move to dismiss plaintiffs' civil conspiracy claim on the grounds that it is barred by the intracorporate conspiracy doctrine or because plaintiffs have failed to allege an actual conspiracy. We also have plaintiffs' unopposed motion to add exhibits to their amended complaint (doc. 9).

We assume as true the following facts alleged in plaintiffs' complaint (doc. 6). Plaintiffs, a married couple who reside in Phoenix, are "Born Again Christians." They allege that they wish to hold "private bible study groups" in their home, as well as display religious signage on their property. In February 2007, plaintiffs met with neighbors and defendant Councilman Claude Mattox. Defendant Councilman Mattox informed plaintiffs that they must discontinue the bible studies, because they constituted "church use," for which plaintiffs lacked the required permits. On April 7, 2007, members of the Phoenix Fire Department

came to plaintiffs' home while they were hosting a Passover dinner for between fifteen and twenty people, and ordered plaintiffs' guests to leave. In May 2007, plaintiffs submitted construction plans for a building to be used for worship and bible study. In December 2007, defendant Councilman Mattox made a motion to change the parking requirements for places of worship. Because of these changes, plaintiffs had to withdraw their building permit application. In November 2008, plaintiffs applied for a permit for a building in their backyard. In a meeting on April 6, 2009, defendant City of Phoenix City Manager David Cavosos told plaintiff Michael Salman about concern that the building would be used as a church. Plaintiffs ultimately received the permit, constructed the building, and moved their worship into it. Plaintiffs hosted an average of forty to fifty people at their home for bible studies or worship, whom they allege are all "family and friends." Complaint, ¶¶ 67–69.

On June 11, 2009, pursuant to a search warrant, Phoenix Police Department officers entered and searched plaintiffs' home. Defendant Inspector Frank Dancil issued a notice of violation to plaintiffs. During the search, defendant Officer Oscar Cortez picked up a sign that had been face down and placed it against a tree. The sign said "Christian Worship, Sunday 10:00 AM, Wednesday 7:00 PM." In May 2010, plaintiff Michael Salman was charged with sixty-seven building and zoning code violations. On September 27, 2010, plaintiff Michael Salman was found guilty, and sentenced to sixty days in jail and three years' probation by the Municipal Court of the City of Phoenix. His appeal is currently pending.

In January 2011, plaintiff Suzanna Salman was charged with displaying biblical scripture on a reader board in front of plaintiffs' residence in violation of city codes. On March 21, 2011, Fire Department inspectors entered and inspected plaintiffs' property, pursuant to a warrant. Plaintiff Michael Salman was charged with seven building code violations.

Plaintiffs allege that defendants City of Phoenix, Councilman Mattox, Inspector Dancil, and Officer Cortez conspired to deprive plaintiffs of their rights under the United States Constitution, the Arizona Constitution, the Religious Land Use and Institutionalized

- 2 -

1 | Persons Act, 42 U.S.C. § 2000cc, et seq., and the Arizona Free Exercise of Religion Act, A.R.S. § 41-1493, et seq. Complaint, ¶ 230. Defendants move to dismiss on the grounds that plaintiffs have not alleged a specific, conspiratorial agreement. "[L]iability for civil conspiracy requires that two or more individuals agree and thereupon accomplish an underlying tort which the alleged conspirators agreed to commit." Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons, 201 Ariz. 474, 498, 38 P.3d 12, 36 (2002) (citation omitted).

We agree that plaintiffs have not alleged the requisite agreement to participate in a tort. See Wells Fargo, 201 Ariz. at 499, 38 P.3d at 37. While the complaint lists numerous acts by defendants City of Phoenix and several of its employees, plaintiffs have not alleged that defendants acted in concert pursuant to any kind of agreement. See Restatement (Second) of Torts § 876 cmt. a (1979) ("Parties are acting in concert when they act in accordance with an agreement to cooperate in a particular line of conduct or to accomplish a particular result."). Plaintiffs' allegations describe only defendants' repeated efforts to enforce the law, in accordance with the responsibilities of their employment. Such actions alone cannot constitute an agreement to deprive plaintiffs of their legal rights. In the absence of any allegations of an actual agreement, plaintiffs' claim for civil conspiracy fails as a matter of law.

We therefore need not reach defendants' argument that because plaintiffs allege only defendant City of Phoenix and its employees acted as conspirators, the intracorporate conspiracy doctrine bars plaintiffs' conspiracy claim.

**II**

Plaintiffs move for leave to add exhibits which were included in their original complaint but inadvertently omitted from their amended complaint (doc. 9). Defendants have not opposed the motion, and it is granted.

**III**

**IT IS ORDERED GRANTING** defendants' motion to dismiss plaintiffs' conspiracy claim (doc. 13).

**IT IS ORDERED GRANTING** plaintiffs' motion to add exhibits to their amended complaint (doc. 9).

DATED this 5th day of August, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge